## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| ERIC E. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-CV-1500 NCC |
| | ) | |
| JOSEPH SHOCKLEY DUEKER and | ) | |
| KELLY LYNN SNIDER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Self-represented plaintiff Eric E. Walker brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. ECF No. 3. Having reviewed the Application and the financial information submitted in support, the Court will grant the motion and will not assess an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4). Furthermore, after reviewing the complaint, the Court will dismiss this case for frivolity and failure to state a claim upon which relief may be granted.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an Application to Proceed in District Court Without Prepaying Fees or Costs, but no certified prison account statement. In his Application, however, he states that he has no money in cash or in any checking or savings account, and he owns nothing of value. ECF No. 3 at 2. Taking this into consideration, the Court will not assess an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### The Complaint

Plaintiff, a pretrial detainee at the St. Louis County Justice Center, brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights against defendants Joseph Shockley Dueker (Missouri state court Circuit Judge) and Kelly Lynn Snyder[1] (prosecuting attorney). ECF No. 1 at 2-3. Plaintiff sues both defendants in their official capacities only.

Plaintiff's § 1983 complaint pertains to his pending state court matter, *State v. Walker*, No. 18SL-CR05713-01 (21st Jud. Cir. 2018), taking too long to go to trial. He alleges that his constitutional rights are being violated by his illegal detention without trial. According to plaintiff, he has been incarcerated since 2018 on state court charges that were scheduled for trial on April 6, 2020. However, a week before the case was set for trial, plaintiff's attorney withdrew because plaintiff's family could no longer afford to pay him. After his counsel's withdraw was granted by the court, plaintiff's case was further delayed due to the COVID-19 pandemic and resulting state court shutdowns. Plaintiff complains that his multiple requests for a trial have been ignored by

---

[1] Plaintiff uses two different spellings for this defendant's last name in his complaint: "Snider" and "Snyder." ECF No. 1 at 3, 4. However, a review of plaintiff's pending state court matter on Missouri Case.net reveals that the correct spelling is "Snyder." As such, the Court will use this spelling in its Order and direct the Clerk of Court to change the docket sheet accordingly.

the court and by the prosecuting attorney, defendant Kelly Snyder. Plaintiff alleges that his continued confinement poses a safety issue because he is being threatened by fellow detainees due to the allegations of the pending charges against him. However, plaintiff cannot be held in protective custody because it is being used to house COVID-19 positive detainees. Plaintiff further complains that his request for bond reduction has been denied. Plaintiff states that the state court has not responded to his motion for dismissal based on the grounds that the prosecution cannot proceed.

For relief, plaintiff seeks a dismissal of his state court matter and $500,000 in damages.

## Background

Independent review of plaintiff's criminal case on Missouri Case.net, the State of Missouri's online docketing system, shows that plaintiff was charged in St. Louis County, Missouri in July 2018, with one count of statutory sodomy or attempted statutory sodomy / deviate sexual intercourse with a person less than 12, and one count of first degree statutory rape or attempted statutory rape with a person less than 14. Kelly Snyder is the prosecuting attorney and the case is currently before Judge Joseph Dueker. The case was set for a jury trial on April 6, 2020. However, on February 5, 2020, plaintiff's attorney filed a motion to withdraw, stating that plaintiff had refused to pay any legal fees and costs pertaining to his defense. On March 27, 2020, the motion was granted but further court proceedings were canceled due to the COVID-19 pandemic. A new attorney entered for plaintiff on April 8, and in June, the case was set for trial on November 30, 2020. In August 2020, plaintiff filed a letter with the state court complaining about how long it was taking to get to trial and plaintiff's attorney filed a motion for bond reduction. After a hearing on the motion, it was denied in September 2020. Plaintiff filed additional correspondence with the state court in September and October complaining about time to trial.

- 4 -

Plaintiff's § 1983 complaint in this matter is dated October 5, 2020. Since its filing, on October 22, the state court granted the joint motion of prosecutor Snyder, and plaintiff's counsel, for a continuance of the pretrial conference due to ongoing depositions. On November 3, 2020, plaintiff's counsel filed a motion to continue the November 30 trial date, stating that he needed additional time in order to complete pretrial investigation and depositions, prepare for and litigate pretrial issues, and prepare for trial. On November 5, 2020, the court granted the continuance, stating that defense counsel informed the court that plaintiff did not oppose the continuance. On December 4, 2020, the case was scheduled for a settlement conference on February 5, 2021.

## Discussion

The two defendants named in this matter, Judge Dueker and prosecuting attorney Snyder, are protected by absolute immunity from plaintiff's § 1983 claims. Furthermore, to the extent that plaintiff's allegations could be liberally construed as speedy trial claims more properly raised in a petition for habeas corpus under 28 U.S.C. § 2241, the Court finds that such claims would also fail. As such, it would be futile to allow self-represented plaintiff to file an amended complaint in this matter. This case will be dismissed for frivolity and failure to state a claim upon which relief may be granted.

Immunity bars plaintiff's § 1983 claims against Judge Dueker. Although plaintiff does not name Judge Dueker in the allegations of his complaint, he refers to actions taken by the state court, which this Court construes as accusations against Judge Dueker. Plaintiff's allegations are based on alleged wrongdoings by Dueker while performing his judicial duties in plaintiff's state court proceeding. Judicial immunity grants absolute immunity to judges from civil lawsuits based on alleged judicial misconduct, subject to two exceptions: (1) when a judge does not act within his judicial capacity or (2) when a judge takes judicial action in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Furthermore, judicial immunity applies

- 5 -

"even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

Here, plaintiff alleges no facts of Judge Dueker acting outside his judicial capacity or without jurisdiction. All of Judge Dueker's allegedly unlawful actions were judicial in nature. Further, Judge Dueker, acting as a judge in the 21st Judicial Circuit Court, took judicial action pursuant to that court's jurisdiction granted to it by the Missouri Constitution. *See* Mo. Const. art V, § 14. Because Judge Dueker acted within his judicial capacity and within his court's proper jurisdiction, he is granted absolute immunity from civil suit as to plaintiff's claims against him. Plaintiff's claims against Judge Dueker are legally frivolous and will be dismissed.

Immunity also bars plaintiff's § 1983 claims against prosecutor Snyder. Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case, even when vindictive prosecution is alleged. *Imbler v. Pachtman*, 424 U.S. 409, 427–31 (1976) (prosecutors are absolutely immune from § 1983 claims for damages when civil rights violations are alleged based on actions taken by prosecutor while initiating and pursuing a criminal prosecution); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"); *Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987) (prosecutorial immunity extends even to allegations of vindictive prosecution) (*abrogated on other grounds*). Here, plaintiff alleges that Snyder ignored his requests for a trial in his state court matter, and that Snyder is in general, not diligently pursuing trial. Regardless of the fact that the state court record refutes this allegation, plaintiff's claims against prosecutor Snyder relate to her pursuit of a criminal prosecution against him and are therefore covered by absolute immunity. Plaintiff's claims against prosecutor Snyder are legally frivolous and will be dismissed.

- 6 -

The Court notes that the allegations of plaintiff's complaint sound more appropriately brought in a petition for habeas corpus relief under 28 U.S.C. § 2241. A state court defendant attempting to litigate the authority of his or her pretrial detention may bring a habeas petition pursuant to 28 U.S.C. § 2241. *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (stating "that a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241"); *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987) (stating that pretrial petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him").

However, even if the Court ordered self-represented plaintiff to amend his complaint as a habeas petition under 28 U.S.C. § 2241 asserting violations his speedy trial rights under federal and state law, the Court finds his allegations insufficient to state a claim for relief. The Sixth Amendment to the U.S. Constitution provides in relevant part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI. In addition, the Missouri Speedy Trial Act provides that "[i]f defendant announces that he is ready for trial and files a request for a speedy trial, then the court shall set the case for trial as soon as reasonably possible thereafter." Mo. Rev. Stat. § 545.780(1).

However, federal courts do "not have jurisdiction under 28 U.S.C. § 2241 ... to issue a writ of habeas corpus for violation of state law by state authorities." *Cain v. Petrovsky*, 798 F.2d 1194, 1195 (8th Cir. 1986). Rather, speedy trial claims based on state law and the actions of state officials must be addressed by a state court. *Id.* For this reason, any speedy trial claim that plaintiff is attempting to bring under Missouri law fails to state a valid claim for relief.

With regards to any alleged Sixth Amendment claim, federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981) (quoting *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974)). To that end, when a state prisoner is seeking pretrial habeas relief on the basis of speedy trial issues, the prisoner is required to exhaust state remedies, unless the prisoner can demonstrate the existence of special circumstances. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489 (1973) (stating that "federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgement of conviction by a state court"). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court." *Dever v Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

In this case, plaintiff has not demonstrated that he has exhausted his state court remedies. Review of the state court record indicates that plaintiff filed correspondence with the circuit court concerning a trial date in his pending criminal matter, but it does not indicate that plaintiff filed a motion for a speedy trial. In addition, the Court can find no record of plaintiff filing a writ of mandamus, which is the vehicle explicitly provided by statute to enforce his speedy trial rights in state court. *See* Mo. Rev. Stat. § 545.780(2). Plaintiff does not establish any "special circumstances" that would allow him to avoid exhausting his state remedies and alleging a speedy trial violation alone, is not enough. *See Dickerson*, 816 F.2d at 227 (stating that the constitutional right to a speedy trial does not qualify as a special circumstance that obviates the exhaustion requirement).

The Supreme Court has warned federal courts to guard against the interruption of state adjudications by federal habeas proceedings. *See Braden*, 410 U.S. at 490. Plaintiff's state

- 8 -

criminal case is still ongoing. A settlement conference has been scheduled for February 5, 2021. Plaintiff is represented by counsel in his state criminal case, and the Court notes that some of the delays in the case are the result of motions filed by plaintiff's own attorney. The state court record indicates that the most recent motion for a continuance of trial was requested by plaintiff's counsel and that plaintiff represented to his counsel that he did not oppose the request.

For all the reasons discussed above, to the extent that plaintiff is attempting to assert violations of his right to a speedy trial, such claims fail to state a claim upon which relief may be granted. As such, it would be futile to allow plaintiff to amend his complaint to bring such claims.

Therefore, the Court finds that the allegations of plaintiff's complaint are frivolous and fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). This case will be dismissed and plaintiff's motion for appointment of counsel (ECF No. 2) will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed without prepaying fees and costs [ECF No. 3] is **GRANTED** and the initial filing fee is waived.

**IT IS FURTHER ORDERED** that the Clerk of Court shall change the docket sheet spelling of defendant "Kelly Lynn Snider" to "Kelly Lynn Snyder."

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint because the complaint is frivolous and fails to state a claim upon which relief can be granted. Plaintiff's claims against defendants Joseph Shockley Dueker and Kelly Lynn Snyder are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED as moot**.

- 9 -

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in

good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 6th day of January, 2021.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

- 10 -